UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tolson Enterprises, Inc.,                                       Case No. 3:23-cv-197

          Plaintiff,

v.                                                          ORDER

Build Retail, Inc.,

          Defendant.

On February 1, 2023, Plaintiff Tolson Enterprises, Inc. filed this action, asserting this court has diversity jurisdiction over the matter. (Doc. No. 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). That is, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

While Plaintiff states it "is an Ohio corporation … with its principal place of business in Lucas County, Ohio," it states only that Defendant is a North Carolina corporation. (Doc. No. 1 at 1). Because Plaintiff failed to state Defendant's principal place of business, I cannot determine Defendant's citizenship and, in turn, cannot conclude complete diversity exists. To avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiff shall supplement its

Complaint by filing an affidavit of jurisdiction on or before February 24, 2023, stating Defendant's principal place of business. *See* Fed. R. Civ. P. 12(h)(3).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge