UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tolson Enterprises, Inc.,                                              Case No. 3:23-cv-197

                    Plaintiff,

           v.                                                                        ORDER

Build Retail, Inc.,

                    Defendant.

         Plaintiff Tolson Enterprises, Inc. has filed this action against Defendant Build Retail, Inc.,

asserting this court has diversity jurisdiction over the matter.  (Doc. No. 1).

         For a district court to have original diversity jurisdiction over a case, complete diversity must

exist between the parties to the dispute.  28 U.S.C. § 1332(a).  That is, the dispute must be between

citizens of different states.  28 U.S.C. § 1332(a)(1).  For purposes of diversity jurisdiction, "a

corporation shall be deemed to be a citizen of every State and foreign state by which it has been

incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C.

§ 1332(c)(1).

         In the Complaint, Plaintiff states its place of incorporation and principal place of business as

well as Defendant's place of incorporation.  (Doc. No. 1 at 1).  But Plaintiff fails to state

Defendant's principal place of business.  Without this information, I cannot determine Defendant's

citizenship and, in turn, cannot conclude complete diversity exists.

         To avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiff shall

supplement the Complaint by filing an affidavit of jurisdiction on or before July 14, 2023.  *See* Fed.

R. Civ. P. 12(h)(3).  In this affidavit, Plaintiff shall state Defendant's place of incorporation.  I urge counsel for the parties to work collaboratively in acquiring this information and drafting the affidavit so jurisdiction can be verified as soon as possible.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge